

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 5, 2017

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *United States v. Kevin Burden*, S2 12 Cr. 626 (ER)

Dear Judge Ramos:

    The Government respectfully submits this letter in advance of the sentencing of Kevin Burden (the "defendant"), scheduled for July 12, 2017, at 11:30 a.m., for violations of the terms of his supervised release. For the reasons explained below, the defendant—who committed a shooting just days after being released on bail from another violation of supervised release—should be sentenced to the statutory maximum of 24 months' imprisonment.

### I.    Factual Background

#### A.    Judgment of Conviction and Sentence

    On or about December 4, 2013, the defendant pled guilty to transferring a firearm for use in a crime of violence, to wit, a robbery, in violation of Title 18, United States Code, Section 924(h). (Dkt. No. 98.) For this offense, on or about September 30, 2014, the defendant was sentenced to 48 months' imprisonment and three years' supervised release. (Dkt. No. 180.)

#### B.    Term of Supervised Release

    On or about April 28, 2016, the defendant was released from the custody of the Federal Bureau of Prisons and commenced his term of supervised release. The defendant was required to report to the Probation Office within 72 hours of his release. On or about June 2, 2016, the Probation Office filed a Violation Report alleging that, in the month since his release from custody, the defendant had failed to make contact with the Probation Office by telephone or in person ("Specification No. 1"). That same day, the Court issued a warrant for the defendant's arrest. The defendant remained at large for more than six months.

    In or about January 2017, the defendant was arrested by the City of Newburgh (New York) Police Department in connection with an unrelated incident, and was subsequently transferred to federal custody on or about January 27, 2017. On or about February 2, 2017, the defendant pled

Hon. Edgardo Ramos **Page 2**
July 5, 2017

guilty to Specification No. 1 and was released on bail pending the imposition of sentence. (Dkt. No. 293, 296.)

On or about February 11, 2017, the defendant was arrested by the City of Newburgh (New York) Police Department in connection with the shooting of a particular individual (the "Victim") with a firearm, striking the Victim in the lower leg. On or about February 14, 2017, the Probation Office filed an Amended Violation Report alleging that the defendant committed the New York State crime of assault in the first degree, a Class B Felony, in violation of New York Penal Law § 120.10(1) ("Specification No. 2"). On or about April 3, 2017, the Probation Office filed a second Amended Violation Report alleging that the defendant also committed the state crime of criminal possession of a controlled substance in the fifth degree, a Class D Felony, in violation of New York Penal Law § 220.06(1) ("Specification No. 3").

On or about June 12, 2017, the Court held a hearing on Specification Nos. 2 and 3. After hearing testimony from four witnesses, including the Victim, and admitting more than 20 exhibits, the Court found that the Government had proven Specification No. 2, but that it had not proven Specification No. 3.

The Probation Office also recommends a sentence of 24 months' imprisonment.

## II. Applicable Law and Analysis

The Court may revoke supervised release upon a finding that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). When imposing a sentence, the Court must consider the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, and the applicable range under the United States Sentencing Guidelines (the "U.S.S.G." or the "Guidelines"). *See* 18 U.S.C. §§ 3553(a), 3583(e)(3). In assessing the appropriate sentence, "the primary goal of a revocation sentence" is "to sanction the violator for failing to abide by the conditions of the court-ordered supervision," in order to account for the breach of trust inherent in failing to follow the court-imposed conditions of supervised release. U.S.S.G. Ch. 7, Pt. A(3)(b). Thus, "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Id.*; *see also United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007).

Here, the defendant pled guilty to Specification No. 1, that is, that the defendant failed to report to the Probation Office on or before May 2, 2016, or anytime thereafter, and the Court found pursuant to Specification No. 2, that the defendant committed the New York State crime of assault in the first degree, a Class B Felony, in violation of New York Penal Law § 120.10(1). In light of the nature and circumstances of the offenses, revocation of the defendant's supervised release is appropriate. Because the defendant was in Criminal History Category III when he was originally sentenced, the applicable Guidelines range for Specification No. 1 is 5 to 11 months' imprisonment and for Specification No. 2 is 18 to 24 months' imprisonment. *See* U.S.S.G. § 7B1.4(a). Because the offense for which the defendant was originally convicted is a Class C felony, by statute he may serve a term of imprisonment of up to 24 months.

A sentence of 24 months' imprisonment is necessary to punish the defendant, who has shown utter disrespect not only for this Court, but for his community and the safety of others. On the underlying conviction, the Court sentenced the defendant to 48 months' imprisonment—far below the Guidelines of 120 months' imprisonment. Despite being shown leniency for a serious offense, the defendant's breach of this Court's trust began as soon as he was released from custody, when he simply absconded from supervision. And when the defendant was finally arrested and brought before this Court, he was given another measure of trust when he was released on bail. He again flouted the supervision of this Court, committing a serious act of violence just nine days after being released. As the Victim testified at the hearing, the defendant shot the Victim, who then laid helpless on the ground. The Victim continues to experience pain in his leg every day. The Court also heard the testimony of a witness (the "Witness") who heard the shooting, saw the Victim bleeding on the floor as the defendant stood over the Victim with a gun in his hand, and saw the defendant continue to hold that same gun as the defendant mopped up the Victim's blood. The defendant must be held accountable for this senseless and vicious conduct, committed not only while he was on supervised release, but on *bail* for a violation of supervised release.

A sentence of 24 months' imprisonment is also necessary to afford adequate deterrence to the defendant and others similarly situated. *See* 18 U.S.C. § 3553(a)(2)(B). It is clear from the defendant's conduct that his previous incarceration (for 48 months) did not deter him from failing to comply with Court-ordered reporting obligations and—after pleading guilty to Specification No. 1 and being admonished by the Court to comply with the terms of his supervised release—shooting the Victim with a firearm and causing serious injury. Prior to the underlying conviction, Burden already had a lengthy and serious criminal history, including a 2008 conviction for selling cocaine in a school zone, for which he was sentenced to one year of imprisonment. The defendant had also been found to have violated the terms of periods of New York State parole and probation. Thus, the defendant's failures not only represent a serious breach of the Court's trust, but demonstrate that he is a serious danger to the community who should be incapacitated for the longest time allowed by statute: 24 months.

### III. Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose on the defendant a sentence of 24 months' imprisonment.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: *Robert B. Sobelman*
Robert B. Sobelman
Assistant United States Attorney
(212) 637-2616

cc: Lee Ginsberg, Esq. (by ECF)
    Probation Officer Deanna Paige (by email)