h7c2burS kjc

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,              New York, N.Y.

4            v.                           12Cr. 626(ER)

5  KEVIN BURDEN,

6            Defendant.

7  ------------------------------x

8                                         July 12, 2017
                                          11:05 a.m.
9

10 Before:

11                 HON. EDGARDO RAMOS,

12                                        District Judge

13

14                      APPEARANCES
15
   JOON H. KIM
16      Acting United States Attorney for
        the Southern District of New York
17 BY:  ROBERT B. SOBELMAN
        Assistant United States Attorney
18

19
   FREEMAN, NOOTER & GINSBERG
20      Attorney for Defendant
   BY:  LEE A. GINSBERG
21

22 ALSO PRESENT:

23 TERESA MAISANO, USPO SDNY

24

25

h7c2burS kjc

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your names

3     for the record.

4          MR. SOBELMAN:  Robert Sobelman for the United States.

5     Good morning, your Honor.  I am joined at counsel table by

6     Teresa Maisano of the probation office.

7          THE PROBATION OFFICER:  Good morning.

8          THE COURT:  Good morning.

9          MR. GINSBERG:  Good morning, your Honor.  Lee Ginsberg

10    appearing for Kevin Burden, who is seated next to me.

11         THE COURT:  Good morning to you, Mr. Ginsberg, and

12    good morning to you, Mr. Burden.

13         This matter is on for sentencing on the finding that

14    Mr. Burden violated Specification No. 2 in the violations of

15    supervised release, as well as Specification No. 1 to which he

16    pled guilty.

17         In preparation for today's hearing, I have received

18    the government's letter dated July 5, 2017.

19         Mr. Ginsberg, I take it that you have not submitted a

20    letter.

21         MR. GINSBERG:  Correct, your Honor.

22         THE COURT:  So I will hear from Mr. Sobelman.

23         MR. SOBELMAN:  Your Honor, the government respectfully

24    requests that the court impose the maximum sentence provided

25    under the statute of 24 months' imprisonment.

h7c2burS kjc

1          The court has provided Mr. Burden many chances:

2          The court provided Mr. Burden a second chance when, a

3    few years ago, it sentenced him to a below-guidelines sentence

4    of 48 months' imprisonment when his guidelines range was 120

5    months.

6          The court provided Mr. Burden a third chance when,

7    after failing to report for approximately eight months,

8    Mr. Burden was released on bail pending sentence on

9    Specification No. 1.  The court admonished the defendant that

10   he had to shape up, that he had to begin reporting, that he had

11   to comply with the terms of his supervised release, and that

12   this was a serious matter.

13         Just nine days after being admonished by the court,

14   the shooting at issue in Specification No. 2 occurred.

15         Mr. Burden has shown that he is not willing to comply

16   with court-ordered obligations and that he has repeatedly

17   abused the court's trust.

18         In addition, Mr. Burden's conduct here was egregious.

19   His failure to report aside, the shooting shows that Mr. Burden

20   continues to be a very serious danger to the community.  He

21   injured the victim, who testified before your Honor, who has

22   pain every day and likely will never regain full use of his

23   leg.

24         Mr. Burden failed to report for eight months until he

25   was apprehended.  He was essentially unsupervised release.  And

h7c2burS kjc

1    this is someone who clearly needs very close supervision, but

2    the probation office cannot do its job if Mr. Burden will not

3    live up to his obligations.

4              I also note that Mr. Burden's prior conviction, the

5    underlying conviction in this case, was for a very serious and

6    dangerous conduct, and that's the provision of a firearm that

7    was used in a robbery; and, in that specific robbery, it was

8    used to commit a murder.

9              Mr. Burden previously, even before the underlying

10   conviction, had been convicted of selling drugs, that is,

11   cocaine, in a school zone.

12             Every single crime of which Mr. Burden has been

13   convicted presents a serious danger to the community, shows

14   that he is unwilling to comply with law or court order

15   obligations, and urges that he be held in confinement for the

16   period allowed under the statute.

17             THE COURT:  What is the maximum that can be imposed

18   with respect to Specification No. 1?

19             MR. SOBELMAN:  I believe the maximum on both

20   specifications is 24 months.

21             THE COURT:  Okay.

22             Ms. Maisano, I take it probation is also recommending

23   that I sentence him to 24 months?

24             THE PROBATION OFFICER:  Yes, your Honor.  We are in

25   agreement with this recommendation.

h7c2burS kjc

<table>
<tr><td>1</td><td>THE COURT:  Are you seeking to have me impose a period</td></tr>
</table>

1          THE COURT:  Are you seeking to have me impose a period

2     of supervised release thereafter?

3          THE PROBATION OFFICER:  No we would not recommend any

4     supervision to follow.

5          THE COURT:  Okay.

6          Mr. Ginsberg, I will hear you.

7          MR. GINSBERG:  Thank you, your Honor.

8          Your Honor is of course familiar with the history of

9     this case from the outset, Mr. Burden's involvement in the

10    entire case.  I believe there was a trial --

11         THE COURT:  There was.

12         MR. GINSBERG:  -- of some of the defendants before

13    your Honor.  Mr. Burden was permitted to plead guilty to a

14    lesser charge because of his limited conduct in that overall

15    case.  Although the government points out today that his

16    initial conduct led to other things that then took place, he

17    was not -- he did not plead guilty to that, what he was charged

18    with initially.

19         While it is true that he did not report and your Honor

20    determined that he committed the assault while he was released

21    on supervision, I think it is fair to say that the

22    circumstances of that situation, although your Honor determined

23    by a preponderance of the evidence that he had violated

24    supervision, the circumstances surrounding that were and

25    probably are still fairly unclear.

h7c2burS kjc

1          But, in any event, no matter what sentence your Honor

2    imposes, the overall issue or problem that Mr. Burden still

3    will face forever with his continuing medical condition which,

4    as your Honor recalls, first developed while he was at the MCC.

5          THE COURT:  Remind me what the status is of the state

6    charge has that been dismissed, the shooting.

7          MR. GINSBERG:  The government may know better than I.

8    I was advised by his attorney that the state did not intend to

9    proceed on that case.

10         THE COURT:  Okay.

11         MR. GINSBERG:  I don't know if it was formally

12   dismissed yet, but I have been in contact with them.

13         THE COURT:  Okay.

14         MR. GINSBERG:  I guess this would be characterized as

15   hearsay, but the state attorney's view was that the state

16   wasn't proceeding, not simply because the matter was before

17   your Honor on supervised release, but because the state didn't

18   believe that it necessarily could prove its case.  Now, that

19   may well be, since your Honor heard the testimony, your Honor

20   may be able to determine why he made that decision.  But, in

21   any event, I don't believe that that case is going to go

22   forward.

23         THE COURT:  Okay.

24         MR. GINSBERG:  So, getting back to Mr. Burden's

25   condition, that was a condition that was -- that developed and

h7c2burS kjc

1    was first diagnosed in the MCC after a long period of time when

2    it appears that there was some lack of review of his blood

3    tests and medical conditions and it eventually led to kidney

4    failure and the dialysis.  He will have to continue on that

5    forever.

6            He is, as your Honor knows and can see, he is still at

7    the hospital.  The Bureau of Prisons locally, the MCC and the

8    MDC, is unable to deal with that appropriately because he needs

9    to be in the hospital at least three times a week.  It is too

10   much of a burden for them to move him back and forth.

11           I think that, in some way, the fact that he violated

12   supervision so quickly that he didn't report and he wasn't

13   supervised speaks to in both directions.  On one hand, he

14   shouldn't have done that, obviously, and he should have

15   reported.  On the other hand, he never put himself in a

16   position where he could be properly supervised, where he could

17   have somebody speaking to him and on his case, so to speak, on

18   a regular basis, so that he would not engage in any additional

19   conduct, and maybe that's what he needs.  I don't know that he

20   needs two more years in jail to figure that out.  People come

21   to the realization that their criminal conduct needs to end at

22   different times in their lives and for different reasons.  I

23   think that --

24           THE COURT:  How old is he now?

25           THE DEFENDANT:  I just turned 29 in March.

h7c2burS kjc

1          THE COURT:  I would recommend to the court that your

2   Honor impose a sentence of 12 months.  I didn't submit any

3   papers, although I know the government did, and I reviewed

4   them.  His history remains the same, and effectively he was in

5   jail almost the entire time that there would be some history to

6   report.  He then violated supervised release and was back in

7   jail again.

8          The only other thing that continued to occur during

9   that period of time was his continued medical treatment.  As I

10  said, that will go on.  He will be certainly sent to a medical

11  facility, and I will ask your Honor, whatever sentence your

12  Honor imposes, to recommend again to the Bureau of Prisons that

13  he be sent to a medical facility, because I think that is the

14  only appropriate place to deal with his medical condition.

15         But I don't believe that your Honor needs to impose

16  the maximum sentence on him at this point, and that a 12-month

17  sentence would be sufficient.

18         THE COURT:  Thank you, Mr. Ginsberg.

19         Mr. Burden, is there anything that you wanted me to

20  know?

21         THE DEFENDANT:  Excuse me?

22         THE COURT:  Is there anything you wanted me to know

23  before I impose sentence?

24         THE DEFENDANT:  Well, if I get a brief chance to talk,

25  I would say something.

h7c2burS kjc

1          THE COURT:  Absolutely.  Go ahead.

2          THE DEFENDANT:  First and foremost, I would like to

3   apologize for being in front of you again.  And I know all of

4   the circumstances it would look a certain way, but the only

5   thing I can tell you is I'm not really how these people

6   portray, and I have learned my lesson just off the fact that I

7   know how it could have went even before this situation

8   happened.  So going down this road with these people when they

9   put certain things on me, I can't control that.  But the only

10  thing I can say is, although I didn't report, I still haven't

11  gotten in trouble in eight months, so that's a whole eight

12  months without me back and forth in court, back and forth in

13  jail.  So I can be all right.  I can be good.  And if you give

14  me a chance, I will be good.  My kids are missing me.  I'm

15  missing them, and I wouldn't do anything to put any space

16  between us.  All I want to do is live out whatever rest of life

17  I got and be all right with myself and be able to be available

18  for my kids need me.

19          That's it, sir.

20          THE COURT:  Thank you, Mr. Burden.

21          MR. SOBELMAN:  Your Honor, I'm sorry to interrupt.

22  The probation officer --

23          THE PROBATION OFFICER:  I apologize.  I misspoke with

24  regard to supervised release.  After viewing Officer Paige's

25  violation report, we are recommending a term of supervision to

h7c2burS kjc

1    follow of three years.

2              MR. SOBELMAN:  And the government respectfully agrees

3    with that recommendation.

4              THE COURT:  Very well.

5              Mr. Burden, we obviously have gotten to know you

6    pretty well over the years.  As Mr. Sobelman indicated, I have

7    afforded you some fairly large measures of leniency in the

8    past.  While I certainly sympathize with your current medical

9    condition, it did not appear to prevent you from engaging in

10   dangerous and illegal behavior when you were out.

11             THE DEFENDANT:  I hear you.

12             THE COURT:  I held a hearing.  I listened to the

13   witnesses and I determined that certainly the government proved

14   by a preponderance of the evidence that you shot another

15   person.  You are probably very lucky that that person was not

16   hurt more seriously and did not die.

17             THE DEFENDANT:  I didn't shoot him.

18             THE COURT:  I consider this extremely behavior --

19             THE DEFENDANT:  I did not shoot that man.  No matter

20   what you got to say, I did not shoot him.  You can tell him in

21   that evidence.  I did not shoot that man.  I can't take that,

22   sir.  I just simply cannot take that.  I did not shoot that

23   man.

24             THE COURT:  I understand your position.  That's why we

25   have hearings and put people under oath, and that's why I made

h7c2burS kjc

1    the determination that I made.

2            So I do think that that is very dangerous behavior and

3    I do think that 24 months is appropriate on the facts of this

4    case, so I will sentence you to 24 months on Specification No.

5    1 and Specification No. 2, both to run concurrently, and I will

6    impose an additional three years of supervised release after

7    you are done with the same conditions as imposed the first time

8    that you were sentenced.  I will recommend that you be housed

9    at a medical facility.

10           With that, Mr. Sobelman, anything further?

11           MR. SOBELMAN:  Nothing further, your Honor.

12           THE COURT:  Mr. Ginsberg, anything further?

13           MR. GINSBERG:  Your Honor maybe this is unnecessary,

14   but because he was held at the hospital, even though he was --

15   he was still in the custody of the U.S. Marshals and the Bureau

16   of Prisons, I would just ask that your Honor make it clear on

17   the judgment and commitment that he be credited for the time

18   that he was being held in custody.

19           THE COURT:  He was in custody, correct?

20           MR. GINSBERG:  He was in custody, but I just don't

21   want to have any issue or any problem.  I don't think it should

22   be but --

23           THE COURT:  Very well.  I will make sure that that

24   gets put into the J & C.

25           Let me ask you, Mr. Ginsberg, will you please assure

h7c2burS kjc

1    me that you will discuss with Mr. Burden his appellate rights

2    concerning this sentence?

3              MR. GINSBERG:  I will do so, your Honor.

4              THE COURT:  Very well.

5              Anything further?

6              MR. GINSBERG:  Nothing further, your Honor.

7              THE COURT:  In that event, we are adjourned.

8              Mr. Burden, good luck to you, sir.

9                                    -  -  -

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25